﻿Citation Nr: AXXXXXXXX
Decision Date: 02/25/19 Archive Date: 02/25/19

DOCKET NO. 180813-234
DATE: February 25, 2019

REMANDED

Entitlement to service connection for residuals of a back injury is remanded.

Entitlement to service connection for radiculopathy of the left lower extremity is remanded.

Entitlement to service connection for radiculopathy of the right lower extremity is remanded.

REASONS FOR REMAND

In April 1984, the appellant signed documents indicating his intention to enlist the Navy Reserve and, in January 1985, it appears that he received an entry level separation from service for the convenience of the Government. Available personnel records suggest that the reason for this administrative separation was that the appellant failed to graduate from high school. But the appellant has submitted written statements suggesting that he was discharged because he suffered an injury to his back at a recruitment center. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a framework for claimants dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the appellant’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. The Veteran elected to participate in RAMP in February 2018. 

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the Agency of Original Jurisdiction (AOJ) for further development instead of immediately them directly. Nevertheless, even under the AMA the Board still has the duty to remand issues when necessary to correct a pre-decisional duty to assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802(a). 

In this case, the AOJ denied the appellant’s claims without first obtaining copies of any service treatment records. Based on the personnel records described above it is possible that, given the nature of the apparent entry level separation, no service treatment records ever existed. Nevertheless, the AOJ made several attempts to obtain copies of service treatment records using the Personnel Information Exchange System (PIES) request code 050 (“request to furnish complete medical/dental records <STRS> and entire personnel file at NPRC”).

It does not appear that the AOJ made a PIES request using Code RV1 (“Reserve Record”). This code is generally used when requesting service treatment records for a Veteran no longer actively servicing in the Reserves when service treatment records cannot be located from the appropriate records custodians. In this case the AOJ made several unsuccessful PIES requests, the first in April 2016, but none of these requests used Code RV1. 

Given the written statements submitted by the appellant about the character of discharge, the failure to make appropriate PIES requests using Code RV1 amounts to a pre-decisional duty to assist error. Although the Board regrets the need for further delay, this appeal must be remanded to correct that error. 

To help decide this case, the AOJ also obtained copies of medical records from two physicians in private practice. According to one of these medical records, dated January 2002, the appellant “is currently on Social Security Disability.” This note suggests that the Veteran has received disability compensation from the Social Security Administration (SSA). Pursuant to its duty to assist, VA must attempt to obtain relevant records from other Federal departments or agencies, including the SSA. See 38 C.F.R. § 3.159(c)(2). It is not clear from whether the AOJ ever made a request to the SSA for the medical and other evidence relied on by the agency to determine that the appellant was eligible for benefits. On remand, the AOJ should make an appropriate records request to the SSA. 

The matters are REMANDED for the following action:

1. The AOJ should make appropriate efforts to obtain complete copies of the appellant’s service treatment records and personnel records. These efforts should include new appropriate requests using the PIES system using request code RV1 for any records associated with his service in the Navy Reserve, electronic mail follow-up to the VA Liaison Office at the NPRC, follow-up by a military records specialist, contact with the Veteran's duty station at the time of his separation from service, and any other procedures required by VA Adjudication Procedures Manual, M21-1, Part III, Subpart iii, Chapter 2, Section I.

2. The AOJ should send a request to the Social Security Administration (SSA) for copies of all of the appellant’s records, not only medical records but also all other SSA records, including but not limited to copies of the appellant’s application for benefits and the SSA decision. The text of the AOJ's request to the SSA, and any necessary follow-up requests, should make clear that the records requested include copies of the appellant’s application to the SSA and the SSA decision.

If the requested records are found to be unavailable, this should be noted in the claims file and the appellant should be notified that the AOJ could not obtain any records from SSA.

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Nye, Associate Counsel